1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

     v.

RONALD CRAIG POTTER,

        Defendant.

NO. CR07-5683 RBL

ORDER DENYING MOTION TO
REOPEN DETENTION HEARING

## INTRODUCTION

      This matter comes before the court on the Defendant's Motion to Reopen the Detention Hearing and to Set conditions for his Release.  (Dkt. #25).

## AUTHORITY

The Defendant requests reopening pursuant to 18 U.S.C. § 3142(f) which provides, in pertinent part, as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

## BACKGROUND

      Mr. Potter is charged in a three count Indictment with being a Prohibited Person in Possession of a

Firearm in Count One, Possession of Methamphetamine with Intent to Distribute in Count Two, and Possession of a Firearm in the Furtherance of Drug Trafficking in Count Three.  (Dkt. #10).  The Government filed a Motion for Detention Order (Dkt. #4) in which it asserted the rebuttable presumption of detention in light of the fact that the defendant faced a charge which carried a 10+ year potential sentence under 18 U.S.C. § 924(c).  They alleged risk of flight and safety of any other person or the community as the reasons for detention.

The undersigned conducted a detention hearing on October 18, 2007 and ordered the defendant detained.  (Dkt. #9).  The reasons noted for detention included the following: (1) Potential maximum sentence of 10+ years; (2) Defendant was on bond on other charges at time of alleged occurrences herein; and (3) Defendant's prior criminal history and substance abuse issues, and presence of a child in the house where meth was located.

The "new" information presented to the Court in support of reopening the Detention Hearing includes the fact that the five year old child of the defendant has been placed with the paternal grandmother, the defendant's mother, who has filed a petition for third-party custody.  As a result, the child is no longer a resident at the defendant's home.  In addition, the Defendant submitted a certification of Gladys King who is a bail agent for Arnold's Bail Bond Services in Port Orchard, Washington. She is acquainted with the defendant because her agency posted a bond for the Defendant in order to obtain his release from custody with regard to pending drug charges out of Kitsap County Superior Court. She advises that the Defendant has always kept her agency apprised of his case status and he has always appeared for his court appearances, with the exception of the one scheduled for August 2, 2007 as he had been arrested on these new federal charges.

The Defendant proposes that he be released back to his home (where he was previously arrested for the state charge and the new federal charge) and that he be placed under conditions of supervision to include drug testing.

## DISCUSSION

The undersigned concludes that the Defendant has failed to present sufficient new information that has a material bearing on the issue of whether there are conditions of release that can be imposed that will reasonably assure the appearance of the defendant and the safety of other persons and the community.

1    The Defendant is correct in noting that the Detention Order focused on safety issues and not the
2  issue of flight.  The information provided by the Defendant does not alleviate the concerns regarding
3  safety.  While it is gratifying to see that the five year old son is now residing with his grandmother, the
4  Court still has concerns regarding the young boy's safety and well being.  Mr. Cooper apparently had no
5  concerns about his son's safety as he continued to conducted the alleged methamphetamine business from
6  his home even after he was arrested and charged in State court.   While the child now resides with his
7  grandmother, it is unclear to the Court as to what visitation rights Mr. Cooper still has with his son.  So,
8  the potential for harm still exists.  That, however, is not the most significant reason for the need for
9  continued detention.

10   Of significant concern to the undersigned is the fact that the Defendant was on bond from the state
11  court when he was arrested and charged federally - for another drug related offense which carries with it a
12  potential for 10+ years in custody if convicted.  Mr. Potter was given an opportunity to comply with court
13  orders, which not only included reporting to court as directed but also required him to have law abiding
14  behavior.  Once released from the Kitsap County Jail he returned to his home and, according to the
15  information before the court, continued with his drug-related business.  While he did report as directed -
16  and the Court is not certain as to how often he actually had to appear in court after he posted bail - he did
17  not discontinue dealing with methamphetamine.  That raises significant and serious concerns regarding the
18  safety of the community.  Sending Mr. Cooper back to his home on electronic home monitoring and drug
19  testing does nothing to alleviate those concerns.

20   The undersigned therefore concludes that the Motion to Reopen the Detention Hearing should be
21  **DENIED.**  (Dkt. #25).

22   DATED this 17 day of March, 2008.

24
25      Karen L. Strombom
26      United States Magistrate Judge

Order Denying Motion to Reopen Detention Hearing
Page - 3