| | |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR07-5683RBL |
| v. | ORDER |
| RONALD CRAIG POTTER, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion to Suppress Evidence [Dkt. #50], Renewed Motion to Suppress Evidence [Dkt. #80], and Motion to Dismiss Count Three under *District of Columbia v. Heller* [Dkt. #82]. Having considered the entirety of the records and file herein, and having conducted an *in camera* hearing on October 21, 2008, the Court finds and rules as follows:

## I. BACKGROUND

On August 2, 2007, West Sound Narcotics Enforcement Team (Westnet) officers served a search warrant on defendant's property located at 648 Riddell Road, Bremerton, Washington. The search warrant was authorized by Kitsap County Superior Court Judge Leonard W. Costello based on an Affidavit by Kitsap County Sheriff's Office Detective Nicole Menge. As a result of the execution of the search warrant officers seized a small amount of marijuana, approximately 93 grams of methamphetamine, two digital scales, two rifles, three handguns, assorted ammunition, and over $48,000 in cash. Based on

the evidence seized the defendant is charged with Possession of Methamphetamine with Intent to Distribute (Count Two) and Possession of a Firearm in the Furtherance of Drug Trafficking (Count Three).[1]

The defendant has moved to suppress the evidence seized for a variety of reasons, the most serious of which is an allegation that Detective Menge's Affidavit contains false statements in violation of *Franks v. Delaware*, 438 U.S. 154 (1978). He also attacks the validity of a March 22, 2007 telephonic search warrant even though no evidence seized during that search forms the basis of the charges the defendant is now facing in this Court. The defendant also moves to dismiss Count Three of the Indictment arguing that the recent United States Supreme Court decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008) renders 18 U.S.C. §924(c)(1)(A) unconstitutional.

## II. DISCUSSION

**A.  Motion(s) to Suppress Evidence.**

    **1.  Attacks on the March search warrant.**

The defendant challenges the March 22, 2007 telephonic search warrant also authorized by Kitsap County Superior Court Judge Leonard W. Costello as lacking particularity, lacking probable cause, and that it was obtained in violation of *Franks v. Delaware,* 438 U.S. 154 (1978). He argues that the March search warrant was defective and because the July search warrant relied heavily on it and its results, the evidence seized in the August search must be suppressed as the fruit of the poisonous tree. The Court disagrees. The details of the March search merely provided background information. Without the information about the March search, the Affidavit still provided an ample basis for finding probable cause. If the Affidavit only contained the information obtained from the concerned citizen and former police operative on July 25, 2007 that would have been enough for the issuing Judge to find probable cause. Therefore, even if the Court were to redact the information in the July 26, 2007 Affidavit relating to the March 22, 2007 search, the July 26, 2007 search warrant was supported by probable cause. The defendant's challenge to the July warrant based on defects in the March warrant is thus not well-taken.

---

[1] Defendant was also initially charged in Count One with being a Prohibited Person in Possession of a Firearm. That charge was dismissed without prejudice on June 12, 2008.

**2.    Attacks on the July search warrant based on *Franks v. Delaware*.**

The defendant seeks to suppress the evidence seized based on his allegation that the affiant, Detective Menge, materially misrepresented to the issuing Judge statements attributed to a concerned citizen and a named individual, James Richard Bahn. In support of his allegations, the defendant has submitted the declaration of his investigator, Susan Stafford, who exchanged emails with a person identifying himself as James Richard Bahm (referred to in Detective Menge's Affidavit as "James Richard Bahn"). In the email exchange, Mr. Bahm claims that the statements attributed to him in the Affidavit are "blatantly false in their entirety." Defendant also has submitted the unsworn statement of Georgia Rose, a friend of the defendant who states that she never saw drugs or guns at the defendant's residence, and indicates that Mr. Bahm told her the statements attributed to him are false. And, finally, the defendant submitted the sworn Declaration of Laura Ann Sears who states that she has known the defendant for years. In her declaration, Ms. Sears specifically denies making the statements in the Affidavit attributed to a concerned citizen relative to defendant's drug trafficking, possession of weapons, and hidden cash.

In order to be entitled to a *Franks* hearing, the defendant must make a "substantial preliminary showing that a false statement, knowingly and intentionally, or with reckless disregard for the truth, was included in the warrant affidavit[.]" *Franks*, 438 U.S., at 155-56. A defendant must meet five requirements to meet his burden: (1) the defendant must allege specifically which portions of the affidavit are false; (2) the defendant must contend that the false statements were recklessly made; (3) a detailed offer of proof, including affidavits, must be provided; (4) the veracity of the affiant, not the informant, must be challenged; and (5) the challenged statements must be necessary to find probable cause. *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983); *United States v. Dicesare*, 765 F.2d 890, 894-95, *amended by* 777 F.2d 543 (9th Cir. 1985).

In his request for a *Franks* hearing based on the Stafford declaration, the defendant fails to make the requisite preliminary showing because the Stafford declaration is devoid of any facts that indicate that the person who emailed Ms. Stafford was actually Mr. Bahm. Furthermore, even if there was some basis for the Court to believe that "Mr. Bahm" was who he purported to be, Mr. Bahm is not presenting a sworn statement to this Court - - a third party is. Likewise, Ms. Rose's unsworn statement does not meet the defendant's burden. *See Franks*, 438 U.S., at 171; *Kiser*, 716 F.2d at 1271.

The defendant has met his preliminary burden as to the declaration of Ms. Sears. Because defendant alleged that Ms. Sears was the concerned citizen whose identity was not disclosed by Detective Menge in the July 26, 2007 Affidavit, this Court followed the procedure set out in *Kiser* and conducted an *ex parte, in camera* questioning of Detective Menge. The Court, at the defendant's request, also questioned Ms. Sears *in camera*. As *Kiser* and *United States v. Moore*, 522 F.2d 1068, 1072-73 (9th Cir. 1975), *cert. denied*, 423 U.S. 1049 (1976) counsel, the purpose of the *in camera* proceeding is "to determine whether [the defendant] is entitled to an open evidentiary hearing on his *Franks* claim." *Kiser*, 716 F.2d at 1273.

After questioning Detective Menge and Ms. Sears the Court finds that the defendant has failed to meet his burden of establishing a "substantial preliminary showing" that Detective Menge's Affidavit contained false statements. Therefore, the defendant is not entitled to an open evidentiary hearing on his *Franks* claim. *Id*.

To the extent that defendant seeks a *Franks* hearing due to minor discrepancies in the March and July Affidavits, he has not contended that Detective Menge knowingly or recklessly made those statements nor can he show that without those statements, the Affidavit did not support a finding of probable cause. *See* Section II.A.1.

**3. Attacks on the 2002 and 2006 informants.**

The defendant contends that the Affidavit does not set forth the reliability or basis of knowledge of the informants Detective Menge utilized in 2002 and 2006. For the reasons set forth above, probable cause existed without that information, and this challenge to the search warrant fails.

**4. Defendant's contention that the search warrant is overbroad.**

The defendant contends that the search warrant was overbroad because the Affidavit did not provide a basis to search vehicles or his property or his garage/shop area. Detective Menge's Affidavit explicitly stated that the concerned citizen she spoke to on July 25, 2007 told her that the defendant "has stated that law enforcement recently missed $40,000 in drug related proceeds that he had hidden high up in the garage/shop area." Furthermore, Detective Menge set forth in the Affidavit that based on her training and experience "dealers . . . hide money and drugs in operable and inoperable vehicles under their control and located on their property, in outbuildings . . .." The search warrant was not overbroad.

Based on the foregoing, Defendant's Motion to Suppress shall be denied.

**B.    Motion to Dismiss Count Three Under *District of Columbia v. Heller*.**

The defendant seeks dismissal of Count Three of the Indictment charging him with Possession of a Firearm in the Furtherance of Drug Trafficking.  He argues that based on the recent Supreme Court case of *District of Columbia V. Heller*, 128 S. Ct. 2783 (2008), the statute under which he is charged, 18 U.S.C. §924(c)(1)(A), is unconstitutional.  *Heller* held "that the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense."  *Id*., at 2822.

*Heller* plainly stands for the proposition that the Second Amendment only prohibits total bans on the possession of handguns kept in the home for <u>lawful</u> purposes.  As the Government correctly points out, it would be an "absurd" reading of *Heller* "to conclude that the Second Amendment provides a right to possess firearms for <u>unlawful</u> purposes."  (Government's Response to Motion to Dismiss, Dkt. #85, p. 6, lines 26-28.)  *Heller* does not render 18 U.S.C. §924(c)(1)(A) unconstitutional under the Second Amendment.  Defendant's Motion to Dismiss shall be denied.

### III.  CONCLUSION

For the reasons stated herein, Defendant's Motion to Suppress Evidence [Dkt. #50] and Renewed Motion to Suppress Evidence [Dkt. #80] are **DENIED**.  Defendant's Motion to Dismiss Count Three under *District of Columbia v. Heller* is also **DENIED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 31st day of October, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 5