HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD CRAIG POTTER,<br><br>    Defendant. | Case No. CR07-5683RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion for Judgment of Acquittal [Dkt. #134]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Defendant moves for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) as to each of the two counts of conviction. He moves for judgment of acquittal as to Count II of the Indictment (referred in the jury instructions as Count I) charging him with possession of methamphetamine with intent to distribute. He argues that the government failed to prove beyond a reasonable doubt that the defendant possessed more than 50 grams of methamphetamine. As to Count III of the Indictment (referred in the jury instructions as Count II) charging him with possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §924(c), he argues that the government failed to prove beyond a reasonable doubt that any firearms found in his home were possessed in furtherance of the drug

ORDER
Page - 1

1  trafficking offense charged in Count II of the Indictment. He also argues that the government failed to
2  prove that any of the firearms traveled in interstate or foreign commerce.

3  In ruling on a motion for judgment of acquittal, this Court "must determine whether, viewing the evidence in the light most favorable to the government, the jury could reasonably find the defendant guilty beyond a reasonable doubt." *United States v. Hazeem*, 679 F.2d 770, 772 (9th Cir.), cert. denied, 459 U.S. 848 (1982).

In this case a jury could reasonably find that the approximately 58 grams of methamphetamine found in the black leather jacket in defendant's house belonged to the defendant. Likewise, the jury could reasonably find that one or more of the weapons discovered in defendant's garage/shop were possessed in furtherance of the possession of methamphetamine with intent to distribute as charged in Count II of the Indictment.

The defendant's argument that the government failed to prove that the firearms alleged to be possessed in furtherance of a drug trafficking crime as charged in Count III of the Indictment traveled in interstate or foreign commerce is foreclosed by *United States v. Staples*, 85 F.3d 461 (9th Cir.), cert. denied, 519 U.S. 938 (1996). Drug trafficking is a commercial activity that substantially affects interstate commerce and is a crime that may be prosecuted in federal court. *Id*., at 463. Therefore, the Court's jurisdiction over defendants who possess firearms in furtherance of a drug trafficking crime is based on this Court's jurisdiction under the Commerce Clause for the underlying drug trafficking offense. Travel in interstate or foreign commerce of the firearms is not a separate element of a charge under 18 U.S.C. §924(c). *See* Ninth Circuit Model Criminal Jury Instruction 8.65.

Defendant's Motion for Judgment of Acquittal [Dkt. #134] is **DENIED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 28th day of November, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE